UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-101-BR

MEAGAN G. MATT,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　 )　　　　ORDER
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
FIFTH THIRD BANK, INC., an Ohio　　 )
Corporation,　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　 )


This matter is before the court on defendant's 23 March 2018 motion to dismiss. (DE # 7.) Also before the court is plaintiff's 3 April 2018 motion to remand this action to state court. (DE # 12.) Plaintiff did not file a response to defendant's motion. Defendant filed a response to plaintiff's motion. (DE # 13.) The matters are now ripe for disposition.

## I.　BACKGROUND

Plaintiff commenced this action in Wake County Superior Court on 14 February 2018. This action arises out of a promissory note and deed of trust that plaintiff executed in favor of defendant. (Compl., DE # 1-1, at 2.) Plaintiff alleges that defendant failed to provide proper notice of an increase in plaintiff's monthly escrow payments, resulting in delinquency of plaintiff's account. (Compl., DE # 1-1, at 2–3.) Defendant allegedly reported the delinquency to credit reporting agencies, after which plaintiff was unable to refinance her loan. (Compl., DE # 1-1, at 3–4.) Plaintiff sues defendant for gross negligence, breach of contract, constructive fraud, and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1692 et seq. (Compl., DE

# 1-1, at 4–5.) She seeks compensatory damages, punitive damages, and declaratory relief. Defendant removed the action to this court on 16 March 2018.

## II. DISCUSSION

### A. Plaintiff's Motion to Remand

Because plaintiff challenges the removal of this action to federal court, the court first considers plaintiff's motion to remand. Defendant's stated basis for removal of this action from Wake County Superior Court is the existence of diversity jurisdiction and federal question jurisdiction. (Notice of Removal, DE # 1, at 2–5.) Plaintiff moves to remand this case to state court on the ground that defendant failed to prove that the amount in controversy exceeds the jurisdictional threshold. (DE # 12, at 1–3.)

Section 1441 authorizes removal of a case from state to federal court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). As the party seeking removal, defendant has the burden of establishing jurisdiction. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004). In the absence of a proper basis for subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c). Additionally, "[b]ecause removal jurisdiction raises significant federalism concerns," any doubt about jurisdiction should be resolved in favor of remand. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

#### 1. Federal Question Jurisdiction

Defendant seeks to invoke federal question jurisdiction based on plaintiff's FCRA claim. Defendant argues that this court has original jurisdiction over the FCRA claim, and, in turn, that the FCRA claim could have originally been brought in this court. (DE # 1, at 4–5.)

Section 1331 vests this court with original jurisdiction over "all civil actions arising

2

under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's FCRA claim constitutes a federal cause of action; thus it arises under the laws of the United States. Accordingly, the court agrees that it has original jurisdiction over the FCRA claim and that removal was proper on the basis of federal question jurisdiction. As such, plaintiff's requests for costs and expenses, (DE # 12, at 3), is not justified. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (recognizing that the district courts should deny requests for fees when the basis for removal is "objectively reasonable").

Defendant also seeks to invoke supplemental jurisdiction "to the extent that [plaintiff] alleges statutory, state common law, or other nonfederal claims." (DE # 1, at 5.) The court has supplemental jurisdiction over claims that relate to claims over which it has original jurisdiction. 28 U.S.C. § 1367(a). The commonality between her FCRA and common law claims is such that plaintiff "'would ordinarily be expected to try them all in one judicial proceeding.'" Axel Johnson, Inc. v. Carroll Carolina Oil Co., 145 F.3d 660, 662 (4th Cir. 1998) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966) (emphasis removed)). Accordingly, the court has supplemental jurisdiction over plaintiff's state common law claims under section 1367(a).

Nonetheless, the court may decline to exercise supplemental jurisdiction over claims if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). This statutory authorization grants the court "inherent power to dismiss the case, or in cases removed from State court, to remand." Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001). Indeed, not only does the court have discretion to decline supplemental jurisdiction, the exercise of such discretion is encouraged. See Gibbs, 383 U.S. at 726 ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); Banks v. Gore, No. 16-7512, 2018 WL 2979508, *6 (4th Cir. June 13, 2018) ("Generally, when a district

court dismisses all federal claims in the early stages of litigation, it should decline to exercise jurisdiction over any remaining pendent state law claims . . . ."). Considering the court's conclusion below on defendant's motion to dismiss the FCRA claim, the court finds that the exercise of such discretion is appropriate in this case. The court will decline to exercise supplemental jurisdiction over plaintiff's claims for gross negligence, breach of contract, and constructive fraud.

### 2. Diversity Jurisdiction

Defendant seeks to invoke diversity jurisdiction based on the existence of complete diversity and a jurisdictionally-sufficient amount in controversy. Federal district courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; see Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). Defendant claims, and plaintiff does not appear to dispute, that as residents of Ohio and North Carolina, respectively, the parties are completely diverse. The propriety of remand, therefore, hinges on whether the amount in controversy exceeds the jurisdictional threshold of $75,000.

To determine the amount in controversy, courts typically reference the face of the plaintiff's complaint. JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010). Where "State practice" prohibits demand for a specific sum, the defendant may assert the amount in controversy in the notice of removal. 28 U.S.C. § 1446(c)(2). "If a complaint 'does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000].'" Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013) (alteration in original) (quoting De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)).

North Carolina Rule of Civil Procedure 8(a)(2) provides in relevant part that "a pleading shall not state the demand for monetary relief." N.C. Gen. Stat. § 1A-1, Rule 8(a)(2). Pursuant to this rule, plaintiff alleges that she is entitled to an amount "in excess of $25,000" and punitive damages. Because plaintiff does not state a demand for a specific sum, defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. Defendant has failed to do so.

Defendant argues that the amount in controversy exceeds $75,000 because in addition to compensatory damages in excess of $25,000, plaintiff requests punitive damages. Defendant relies on the fact that in North Carolina, a punitive damages award may be up to three times the amount of compensatory damages or $250,000 (whichever is greater). According to defendant, therefore, plaintiff's "potential recovery of claimed damages place[s] in controversy more than $75,000." (DE # 1, at 4.) While defendant correctly states the law on punitive damages, the mere fact that plaintiff demands punitive damages is insufficient to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

Other courts have repeatedly ruled that a demand for punitive damages, without more, is insufficient to establish that the amount in controversy exceeds $75,000. See, e.g., Hamilton v. Ocwen Loan Servicing, LLC, No. 9:12-cv-03111, 2013 U.S. Dist. LEXIS 16470, *17 (D.S.C. Feb. 7, 2013) (disagreeing with the defendant's contention that "punitive damages, alone, for any cause of action, could satisfy the amount in controversy" (internal quotation marks and citation omitted)); Dagiel v. Kemper Corp., No. 1:11cv262, 2012 U.S. Dist. LEXIS 63685, *6 (W.D.N.C. May 7, 2012) (disagreeing with the defendant's argument that "in light of the North Carolina [punitive damages] statute, . . . the mere assertion of a claim for punitive damages *per se* fulfills the statutory jurisdictional amount"); Delph v. Allstate Home Mortg., Inc., 478 F. Supp. 2d 852,

854-55 (D. Md. 2007) (holding that the defendant failed to prove by a preponderance of the evidence that the plaintiff's request for punitive damages placed more than $75,000 in controversy). The court agrees that "[i]t is not enough to simply state that because [p]laintiffs seek punitive damages . . . , federal jurisdiction is proper." Hamilton, 2013 U.S. Dist. LEXIS 16470, at *18. "A conclusion to the contrary would extend federal jusiridction to every case in which a plaintiff seeks punitive damages from a diverse defendant and undermine the fundamental nature of federal courts as courts of limited jusiridction." Bower v. Am. Cas. Co., No. 99-4102, 2001 U.S. App. LEXIS 18053, *12 (6th Cir. Aug. 6, 2001).

In an attempt to satisfy its burden, defendant speculates that the amount exceeds $75,000 simply because state law permits such award. Defendant fails to provide any facts related to plaintiff's allegations that support the existence of a damages sum greater than $75,000. Instead, defendant cites two cases in which punitive damages were found to push the amount in controversy over the jurisdictional threshold: Chek v. State Farm Fire & Casualty Co., No. 5:13-CV-378, 2014 U.S. Dist. LEXIS 200066 (E.D.N.C. Mar. 17, 2014), and Williams v. Meyer, No. 1:06CV00238, U.S. Dist. LEXIS 62335 (M.D.N.C. Aug. 30, 2006). Defendant's reliance on these cases is misguided.

Unlike plaintiff's unspecified demand for compensatory damages, the plaintiffs in Chek and Williams demanded specific compensatory damages awards from which the defendants could measure punitive damages. In Chek, the plaintiff demanded compensatory damages in excess of $17,000, but submitted an adjuster's estimate that "plac[ed] the cost of repairs . . . at $17,370.51" for the property damage at issue. 2014 U.S. Dist. LEXIS 200066, at *8. Based on $17,370.51 in compensatory damages and North Carolina's punitive damages cap, the court found that the punitive damages award could reach $58,000 and place more than $75,000 in

6

controversy.  Id. at *8-9.  Likewise, the plaintiff in Williams sought $19,500 in compensatory damages.  Williams, 2006 U.S. Dist. LEXIS 62335, at *3–4.  The court found that punitive damages would be capped at $58,500, and coupled with $19,500 in compensatory damages, were sufficient to satisfy the jurisdictional minimum.  Id. at *4.

The lynchpin of the rulings in Chek and Williams is the fact that the plaintiffs' demands for punitive damages could be quantified.  The plaintiffs' specific demands for compensatory damages enabled the courts to determine specific amounts of punitive damages.  Because plaintiff does not demand a specific amount of compensatory damages (nor does defendant come forward with evidence supporting an approximation of the amount), the instant case does not allow such determination.

Not only is plaintiff's demand for punitive damages insufficient alone to satisfy defendant's burden, but it is also insufficient when coupled with plaintiff's demand for compensatory damages.  It is not enough for defendant to simply combine the potential amounts of compensatory and punitive damages to show that the amount in controversy exceeds $75,000.  For example, in Bell v. Werner Enterprises, No. 5:11CV18, 2011 U.S. Dist. LEXIS 36978, *14–17 (N.D. W. Va. Apr. 5, 2011), the court rejected the defendant's argument that the amount in controversy exceeded $75,000 because the plaintiff's request for damages "in excess of $25,000 . . . [was] augmented by the claim for punitive damages."  Similarly, in Perkins v. Ocwen Loan Servicing, LLC, No. 1:15CV836, 2016 U.S. Dist. LEXIS 108033, *6–8 (M.D.N.C. Aug. 16, 2016), the court ruled that the plaintiff's demand for "compensatory damages in excess of $25,000" and "unquantified punitive damages" was insufficient to put the defendant on notice that the amount in controversy exceeded $75,000.  In the instant case, defendant relies on the same unquantified amounts of damages that were insufficient to satisfy the defendants' burdens

7

in Bell and Perkins. Without competent proof of the quantity of compensatory and punitive damages, the court cannot conclude that it is more likely than not that the amount in controversy exceeds the jurisdictional threshold. Accordingly, defendant has failed to satisfy its burden to properly invoke diversity jurisdiction.

### B. Defendant's Motion to Dismiss

The court next considers defendant's motion to dismiss plaintiff's claims for failure to state a claim. To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain sufficient facts to establish that the plaintiff is entitled to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). The court does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 225 (citations omitted).

Defendant moves to dismiss the FCRA claim on the ground that plaintiff has no private right of action. The court agrees. Although her complaint does not cite to any specific section of the FCRA, plaintiff appears to allege that defendant violated section 1681s-2(a). That section prohibits persons from furnishing inaccurate credit information "relating to a consumer to any consumer reporting agency." 15 U.S.C. § 1681s-2(a)(1)(A). Plaintiff claims that defendant reported "[p]laintiff's payment history to the credit bureaus as 60 days late," despite plaintiff's allegedly timely payments and lack of knowledge of a payment increase. (Compl., DE # 1-1, at 3.) Because this allegation relates to the reporting of credit information to a consumer reporting agency, plaintiff appears to claim that defendant violated section 1681s-2(a).

Even if the court accepts plaintiff's factual allegations as true, plaintiff's FCRA claim fails because the FCRA does not entitle plaintiff to relief for violations of section 1681s-2(a). The FCRA expressly limits liability for violations of section 1681s-2(a), and restricts enforcement of the section to certain federal and state authorities. See 15 U.S.C. § 1681s-2(c)(1), (d); Saunders v. Branch Banking & Trust Co., 526 F.3d 142, 149 (4th Cir. 2008) ("FCRA explicitly bars private suits for violations of § 1681s-2(a) . . . ."). Accordingly, plaintiff cannot maintain a cause of action against defendant for inaccurate reporting under section 1681s-2(a) and has failed to state a claim for relief. Plaintiff's FCRA claim must be dismissed.

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED IN PART. Plaintiff's FCRA claim is DISMISSED. The court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims, and because diversity jurisdiction does not exist, plaintiff's motion to remand is GRANTED. This case is REMANDED to Wake County Superior Court. The Clerk is DIRECTED to send a copy of this order to the Clerk of that court.

This 13 August 2018.

_____
W. Earl Britt
Senior U.S. District Judge